536 P.2d 1122

**Norman D. DEAN, Plaintiff-Respondent,**

v.

**NATIONWIDE LIFE INSURANCE COMPANY, an Ohio Corporation, Defendant-Appellant.**

**No. 11741.**

Supreme Court of Idaho.

June 23, 1975.

William A. Stellmon of Ware, Stellmon & O'Connell, Lewiston, for defendant-appellant.

Reed Clements of Clements & Clements, Lewiston, for plaintiff-respondent.

SHEPARD, Justice.

This is an appeal by an insurance carrier from a judgment in favor of an insured after a denial of coverage under a group medical insurance policy. The amount of the judgment is not questioned but only the issue of liability under the policy. The primary question on this appeal is the insurance carrier's contention that the insured failed to disclose a health condition on his application for insurance, which condition later necessitated coronary bypass surgery.

On September 19, 1972 plaintiff-respondent Norman Dean, on behalf of himself and his wife, submitted an application to appellant Nationwide Life Insurance Company for coverage under a group medical insurance policy. That application was accepted by the company on October 25, 1972 with coverage to become effective on November 1, 1972. Following that acceptance, Dean allowed an existing medical insurance policy to expire without renewal.

At the time of Dean's application for coverage on September 19, 1972 he was a 57 year old farmer in the Grangeville, Idaho area, was an active sportsman and apparently in vigorous health. The pertinent portions of the application provide:

"THE INFORMATION PROVIDED BELOW IS AN UP-TO-DATE RECORD OF HEALTH HISTORY, TO THE BEST OF MY KNOWLEDGE AND BELIEF, FOR ME AND ANY DEPENDENTS FOR WHOM APPLICATION FOR INSURANCE IS BEING MADE.

"1. Have you (or any of your dependents) been hospitalized, consulted with or been treated by a physician for any of the following (answer yes or no).
* * *

"Heart or Blood Disorders

* * * * * *

"2. Do you (or any of your dependents) have, or have any of you had, any disease, disability, or deformity or other physical or mental disorder not mentioned above?"

So far as Dean himself is concerned, each of the above questions was answered "No." Insofar as Dean's wife is concerned, it was indicated that she had had two surgeries, the most recent being for the removal of a gall bladder in 1964, and that she suffered from high blood pressure for which she was taking medication and being treated by a particular doctor in Grangeville, Idaho.

Upon trial, plaintiff's proof consisted of the unchallenged and uncontradicted testimony of Dean and his physician. The only proof submitted by the defendant was the testimony of its claims manager. On September 23, 1971 Dean consulted a physician and in the course of a physical check-up complained to the physician of chest pains following heavy exertion. A battery of tests, including electrocardiogram, exercise cardiogram, chest x-ray, cholesterol test and several other blood tests, were administered, all of which indicated that Dean had no coronary disorder and he was so advised by the physician on October 25, 1971. No diagnosis was made by the physician, nor a consulting specialist who reviewed the results of the tests and no medication or treatment of any kind was prescribed, ordered or taken by Dean.

In April, 1973, Dean again consulted his physician regarding a gastrointestinal irregularity. The physician inquired as to the continued existence of the prior chest pains and Dean responded that he still experienced the pains. A second group of tests similar to those of September 1971 was performed and all again proved negative. At that time a coronary specialist suggested the performance of an "angiogram." That procedure involves the insertion of a catheter through the femoral artery into the area of the heart after which dye is injected through the catheter to reveal the coronary vessels. The physician testified that said procedure involves certain risks, including those of stroke or death. Dean acquiesced in the performance of said procedure and it was performed during hospitalization.

The angiogram procedure indicated the existence of coronary atherosclerosis (a type of arteriosclerosis) and the necessity for coronary bypass surgery. Coronary surgery was performed. It is the costs of such surgery, together with attorney fees which were sought in Dean's action.

Nationwide rejected Dean's claim for benefits under the policy. Suit was instituted thereon, trial was held, and thereafter the trial court made findings of fact. The above set forth facts are reflected in the trial court's findings and those findings are supported by uncontroverted evidence.

Appellant Nationwide raises two issues upon appeal. First, it contends that Dean's answers to the questions contained in the application were misleading, if not fraudulent. The trial court determined that Dean had answered the questions in the application truthfully based upon his knowledge at the time of preparation of the application.

Nationwide argues that I.C. § 41–1811 affords it ground for avoiding the policy. That statute provides:

"41–1811. REPRESENTATIONS IN APPLICATIONS.—All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:

"(a) Fraudulent; or

"(b) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or

"(c) The insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise."

We do not reach the question of statutory construction of I.C. § 41–1811 since we agree, as found by the trial court, that no misrepresentation, omission or incorrect statement or concealment of facts appear in Dean's application. Dean answered in the negative in response to the heart or blood disorder inquiry. in the application. Such response was correct since he had no knowledge or belief of any heart or blood infirmity. Nationwide contends that in answering the questions pertaining to "other disorder" Dean should have mentioned his chest pains. The trial court found that Dean to the best of his knowledge and belief answered that question truthfully and correctly.

■ An applicant for insurance is not required under penalty of forfeiture of fu-

ture benefits to list every physical indisposition that he has ever experienced. The point at which and the number of ailments for which an applicant becomes chargeable for concealment, misrepresentation, omission or incorrect statement is ultimately a question for the trier of fact. There is substantial evidence sustaining the trial court's finding in this case. Here Dean's occasional chest pains had been intensively investigated by physicians and he had been subjected to a battery of medical tests. Nothing abnormal had been discovered. He had not been subjected to therapy, required to take medication, or curtailed or limited in any of his activities. To permit Nationwide to avoid liability in this case would be to ignore the very language of its own application wherein Dean's statements were made *only to the best of his knowledge and belief*. Neither can we hold an insured to absolute strict liability for statements contained in the application which are made in absolute good faith and to the best of his knowledge and belief, particularly where, as .here, they were based on competent medical advice. *See* Thompson v. Occidental Life Insurance Co. of Cal., 9 Cal.3d 904, 109 Cal.Rptr. 473, 513 P.2d 353 (1973); Massachusetts Mutual Life Insurance Co. v. Allen, 416 P.2d 935 (Okl.1965); Annot., 26 A.L.R.3d 1061, 1076 (1969).

Nationwide's second argument is that the following limitation of the policy bars Dean's recovery.

"No benefits will be paid with respect to any of the following charges and such charges will not be considered Eligible Charges.

` * * * * * *

"12. Charges incurred within one year after the effective date of the insured person's insurance due to any injury or sickness for which such person has, within three years prior to such effective date, received medical care or treatment. The term 'treatment' includes the taking of any drug prescribed by a physician."

■ The trial court found that Dean had received no medical treatment for his

**776**

atherosclerosis within three years prior to the effective date of the policy, thereby rejecting Nationwide's argument. The uncontroverted and unchallenged testimony of Dean's physician provides adequate basis for that finding. We reiterate that Dean's 1971 visit to his doctor was for check-up purposes. No illness was diagnosed, no therapy was ordered, no medicine prescribed, nor did any hospitalization result. To hold that Dean received care or treatment for an illness when he underwent purely diagnostic procedures which refuted the very existence of any such illness goes beyond reason and credulity.

The judgment of the district court is affirmed in all regards and respondent is additionally awarded $1,750 as and for attorney fees on appeal. Costs to respondent.

McQUADE, C. J., and McFADDEN, DONALDSON and BAKES, JJ., concur.